J-S51007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARIANNE LARA WRIGHT | : | |
| | : | |
| Appellant | : | No. 801 MDA 2020 |

Appeal from the Judgment of Sentence Entered May 5, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000095-2020

BEFORE: MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 7, 2021**

Marianne Lara Wright (Appellant) appeals from the judgment of sentence imposed after she pled guilty to driving under the influence (DUI) of alcohol.[1]  Additionally, Appellant's counsel (Counsel) seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On November 19, 2019, Exeter Township Police Officer Daniel Fox stopped Appellant for "traveling over the fog line with both front and rear right tires" and "weaving back and forth."  Affidavit of Probable Cause, 11/20/19, at 5.  The officer immediately "observed Appellant's speech to be slurred and

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

also observed her eyes to be red and glassy." *Id.* Appellant's passenger "also appeared under the influence and did later confirm that he was drinking earlier." *Id.* As the officer spoke to Appellant, "her speech continued to be slurred and she continued to act in a lethargic manner . . . as [he] spoke to her, she retrieved a piece of gum out of her purse and placed it into her mouth." *Id.* Nonetheless, Officer Fox "smelled a strong odor of alcoholic beverage coming from her breath as she spoke." *Id.* The officer arrested Appellant and transported her to Berks County Central Processing, where she refused to take a certified breath test. *Id.* at 6. Appellant was charged with DUI and disregarding a traffic lane.[2]

On May 5, 2020, Appellant pled guilty to DUI and the trial court sentenced her to 72 hours to 6 months of incarceration. The court also ordered Appellant pay a mandatory $1,000 fine, as well as the costs of prosecution.

Appellant filed a timely post-sentence motion which the trial court denied on May 27, 2020. On June 2, 2020, Appellant filed this appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On September 5, 2020, Counsel filed an *Anders* brief, in which Counsel avers that Appellant's appeal is frivolous and requests permission to withdraw

---

[2] 75 Pa.C.S.A. § 3309(1); the trial court later dismissed the traffic charge.

from representation. Appellant did not file a response to Counsel's **Anders** brief or raise any additional claims.

We begin with the mandates that counsel seeking to withdraw pursuant to **Anders** must follow. These mandates and the protection they provide arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Id.** (citations omitted).

Additionally, there are requirements as to the content of an **Anders** brief:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the

- 3 -

appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. When faced with a purported *Anders* brief, we may not review the merits of the underlying issue without first deciding whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel has satisfied the mandates of *Anders*, it is this Court's duty to review the trial court proceedings to determine whether there are any non-frivolous issues that the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Our review reveals that Counsel has complied with *Anders*. Counsel filed a petition with this Court stating that after reviewing the record, she finds the appeal to be wholly frivolous. Petition to Withdraw as Counsel, 9/5/20, ¶ 6. In conformance with *Santiago*, Counsel's brief includes a summary of the relevant case history, and discusses the issues she believes might arguably support Appellant's appeal. *See Anders* Brief at 7-13. Counsel sets forth her conclusion that the appeal is frivolous and includes citation to relevant authority. *Id.* Finally, Counsel has attached to her petition to withdraw the letter she sent to Appellant, which enclosed Counsel's petition and *Anders* brief. Counsel's letter advised Appellant of her right to proceed *pro se* or with private counsel, and raise any additional issues she deems worthy of this Court's consideration. Thus, we proceed to Appellant's substantive issue:

Whether the sentencing court erred in denying Appellant's post-sentence motion to modify sentence to waive all costs and fines where the sentencing court did not determine Appellant's ability to pay fines and costs?

*Anders* Brief at 6.

Appellant argues that the trial court erred by ordering her to pay the $1,000 fine and costs without conducting a hearing to determine her ability to pay. *See id.* at 9-13. This argument challenges the legality of Appellant's sentence. *See Commonwealth v. Garzone*, 993 A.2d 306, 316 (Pa. Super. 2010). "Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Wolfe*, 106 A.3d 800, 802 (Pa. Super. 2014) (citation omitted).

The Rules of Criminal Procedure provide that a court "shall not commit [a] defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs." Pa.R.Crim.P. 706(A). However, we have clarified:

> [A] defendant is not entitled to a pre-sentencing hearing on his or her ability to pay costs. While Rule 706 permits a defendant to demonstrate financial inability either after a default hearing or when costs are initially ordered to be paid in installments, **the Rule only requires such a hearing prior to any order directing incarceration for failure to pay the ordered costs**. . . . **[I]t is not constitutionally necessary to have a determination of the defendant's ability to pay prior to or at the judgment of sentence**. We [therefore] conclude that [a] . . . trial court only [must] make a determination of an indigent defendant's ability to render payment before he/she is committed.

*Commonwealth v. Childs*, 63 A.3d 323, 326 (Pa. Super. 2013) (citation omitted, emphasis added).

- 5 -

Moreover, a defendant's ability to pay is not a factor when fines and costs are mandatory. **_See Commonwealth v. Gipple_**, 613 A.2d 600, 601 n.1 (Pa. Super. 1992). Here, Appellant pled guilty to DUI, 75 Pa.C.S.A. § 3802(a)(1), and the trial court **was required** to impose the $1,000 fine and costs of prosecution. **_See_** 75 Pa.C.S.A. § 3804(c)(1)(ii) (mandatory minimum fine of $1,000 for a first-offense DUI where a breath test was refused); 42 Pa.C.S.A. § 9721(c.1) (mandatory imposition of costs).

Consistent with the forgoing, the trial court properly concluded that "because [] Appellant was committed to serve seventy-two consecutive hours of incarceration pursuant to Section 3804 of the Motor Vehicle Code and not because she failed to pay any fines or costs, a hearing to determine her ability to pay fines or costs was not required." Trial Court Opinion, 7/14/20, at 4. As there is no merit to Appellant's argument, we agree with Counsel's conclusion that Appellant's claim is frivolous. **_See Anders_** Brief at 12 ("In this matter, it was mandatory for the court to both impose the $1,000.00 fine and the court costs pursuant to the respective statutes. Appellant was not required to have a hearing on her ability to pay as she was not going to be incarcerated for [failure to] pay.").

Finally, our independent review reveals no other non-frivolous issues Appellant could raise on appeal. **_See Dempster_**, 187 A.3d at 272. For all of the above reasons, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/07/2021